| | |
|---|---|
| Mari Bonthuis (MB–4578) | James A. Hunter (JH–1910) |
| STERLINGTON, PLLC | LAW OFFICE OF JAMES A. HUNTER |
| 1 World Trade Center | Four Tower Bridge |
| 85th Floor | 200 Barr Harbor Drive, Suite 400 |
| New York, New York  10007 | West Conshohocken, Pennsylvania  19428 |
| Phone: (212) 433-2879 | Phone: (484) 437-5935 |
| Fax:    (212) 896-9985 | Fax:    (646) 462-3356 |
| Email: mari.bonthuis@sterlingtonlaw.com | Email: hunter@hunterkmiec.com |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALENTURE, LLC and NOSIRRAH MANAGEMENT, LLC, | |
| Plaintiffs, | ECF CASE |
| – v. – | No. 23-9780 |
| PRASAD GUNDUMOGULA, | COMPLAINT FOR RECOVERY OF SHORT-SWING PROFIT UNDER 15 U.S.C. § 78p(b) |
| Defendant, | |
| – and – | |
| MONDEE HOLDINGS, INC., | **JURY TRIAL DEMANDED** |
| Nominal Defendant. | |

Plaintiffs Calenture, LLC and Nosirrah Management, LLC (collectively, "Plaintiffs"), by their undersigned attorneys, plead for their complaint as follows:

INTRODUCTION

1. This is an action for disgorgement under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16 was the "original and only express 'insider' trading provision[]" of the Act. Richard W. Jennings et al., Securities Regulation: Cases and Materials 1202 (8th ed. 1998). Its purpose is to "prevent[] the unfair use of information that may have been obtained by [an insider] by reason of his relationship to the issuer." 15 U.S.C. § 78p(a).

3. Section 16 applies to the directors and officers of every issuer with a class of publicly traded equity securities. *Id.* § 78p(a), (b). It also applies to every beneficial owner of more than 10% of any such class. *Id.* Under Section 16(b), these "insiders" must disgorge to the issuer any profit they realize from any purchase and sale of the issuer's equity securities within a period of less than six months. *Id.* § 78p(b). If an insider fails to disgorge this "short-swing" profit, the statute empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

4. Liability under Section 16(b) is strict. The profit from a short-swing transaction must be disgorged "irrespective of any intention on the part of [the insider] in entering into such transaction." *Id.* Recovery never depends on proof of scienter, a breach of duty, or the actual misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

5. Plaintiffs, both stockholders of Nominal Defendant Mondee Holdings, Inc. ("Mondee"), bring this action against Defendant Prasad Gundumogula ("Gundumogula"), Mondee's chairman and chief executive officer. While subject to Section 16(b) of the Act, Gundumogula realized millions of dollars in profit from his transactions in Mondee's equity securities. Under Section 16(b) of the Act, this profit is

now Mondee's lawful property, which Gundumogula is strictly liable to account for and repay.

## JURISDICTION AND VENUE

6.  Jurisdiction is conferred on this Court by Section 27 of the Act, 15 U.S.C. § 78aa, and by 28 U.S.C. § 1331.

7.  Venue lies in this District under Section 27 of the Act and 28 U.S.C. § 1401 because (a) the sale described in paragraph 15 below was underwritten and closed in New York, New York by Morgan Stanley & Co. LLC and other underwriters located in this District; and (b) because certain of the purchases described in paragraph 21 below were executed through the facilities of The NASDAQ Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

8.  Plaintiff Calenture, LLC ("Calenture") is a limited liability company formed under the law of the State of New York with a principal place of business located in New York, New York. At all relevant times, Calenture was a stockholder of Mondee.

9.  Plaintiff Nosirrah Management, LLC ("Nosirrah") is a limited liability company formed under the law of the State of Delaware with a principal place of business located in New York, New York. At all relevant times, Nosirrah was a stockholder of Mondee.

10. Defendant Prasad Gundumogula, whom Plaintiffs refer to as "Gundumogula," is a natural person and a resident of the State of Texas.

11. Nominal Defendant Mondee Holdings, Inc., which Plaintiffs refer to as "Mondee," is a corporation formed under the law of the State of Delaware. At all relevant times, Mondee's Class A common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b), and was listed for trading on the Nasdaq Global Market. This action is brought in the right and for the benefit of Mondee, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

## FACTS

### The Insider

12. Gundumogula has served as Mondee's chairman and chief executive officer continuously since at least July 2022.

13. Throughout that time, he has also beneficially owned more than 10% of Mondee's outstanding Class A common stock.

14. As a result of his office, directorship, and beneficial ownership of more than 10% of Mondee's outstanding Class A common stock, Gundumogula was subject to Section 16(b) at all relevant times.

### The Sale

15. On June 9, 2023, Gundumogula completed the sale of 1,659,404 shares of Mondee's Class A common stock in an underwritten public offering at a reported price of $10.00 per share.

16. The shares were sold through Mondee Group LLC (the "Mondee LLC"), of which Gundumogula is the sole managing member. According to Mondee's 2022 Annual Report on Form 10-K filed with the SEC on April 11, 2023, the Mondee LLC "is owned by Gundumogula."

17. By virtue of his ownership and control of the Mondee LLC, Gundumogula had a 100% pecuniary interest in all of the shares of Mondee's Class A common stock sold on June 9, 2023.

18. Gundumogula reported the foregoing sale on a Statement of Changes in Beneficial Ownership on Form 4 filed with the SEC on June 13, 2023.

19. The reported price of $10.00 per share represented the gross proceeds of the sale before underwriting discounts and commissions. The prospectus supplement filed with the SEC on June 7, 2023 disclosed underwriting discounts and commissions of no more than $0.55 per share, implying that Gundumogula received net proceeds of at least $9.45 per share for the sale through the Mondee LLC.

20. Plaintiffs will put Gundumogula to his proof to show the actual amount of the underwriting discounts and commissions paid and thereby establish a deduction from the maximum profit computed using his reported sale price of $10.00 per share.

**The Purchases**

21. Within less than six months of his sale through the Mondee LLC, Gundumogula made substantial purchases of Mondee's Class A common stock over the open market as follows:

(a) On December 12, 2022, Gundumogula purchased 9,400 shares of Mondee's Class A common stock at a rounded price of $8.68 per share.

(b) On December 13, 2022 Gundumogula purchased 2,000 shares of Mondee's Class A common stock at a rounded price of $9.42 per share.

(c) On December 16, 2022, Gundumogula purchased 1,000 shares of Mondee's Class A common stock at a rounded price of $10.59 per share.

(d) On August 17, 2023, Gundumogula purchased 37,000 shares of Mondee's Class A common stock at a rounded price of $6.04 per share.

(e) On August 18, 2023, Gundumogula purchased 11,000 shares of Mondee's Class A common stock at a rounded price of $6.64 per share.

(f) On August 21, 2023, Gundumogula purchased 5,000 shares of Mondee's Class A common stock at a rounded price of $6.74 per share.

(g) On August 22, 2023, Gundumogula purchased 10,000 shares of Mondee's Class A common stock at a rounded price of $6.53 per share.

(h) On August 23, 2023, Gundumogula purchased 20,000 shares of Mondee's Class A common stock at a rounded price of $6.36 per share.

22. Gundumogula reported the foregoing purchases on Statements of Changes in Beneficial Ownership on Form 4 filed with the SEC on December 15, 2022, December 27, 2022, August 18, 2023, August 21, 2023, August 22, 2023, August 23, 2023, and August 24, 2023.

### The Profit

23. As a result of the sale and purchases described above, Gundumogula realized a profit estimated at $320,848.00.

### The Demands

24. Plaintiffs made demand for prosecution on Mondee on August 18, 21, and 24, 2023.

25. More than 60 days have passed since Plaintiffs' demands were made, and Mondee has failed to file suit. Further delay would be a futile gesture.

### SOLE CLAIM FOR RELIEF:
### DISGORGEMENT UNDER 15 U.S.C. § 78p(b)
### (AGAINST DEFENDANT PRASAD GUNDUMOGULA)

26. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-25 above.

27. Section 16(b) of the Securities Exchange Act of 1934, as amended, reads in pertinent part as follows:

> For the purpose of preventing the unfair use of information which may have been obtained by [a 10 percent] beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months. Suit to recover such profit may

> be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized.

15 U.S.C. § 78p(b).

28. At all relevant times, Gundumogula was a director and officer of Mondee and a beneficial owner of more than 10% of Mondee's Class A common stock.

29. While subject to Section 16(b) of the Act, Gundumogula purchased and sold Mondee's equity securities as further described herein.

30. Gundumogula's sale of Mondee's equity securities occurred within less than six months of Gundumogula's purchases of Mondee's equity securities.

31. Certain of Gundumogula's purchases of Mondee's equity securities occurred at lower prices than Gundumogula's sale of Mondee's equity securities.

32. Gundumogula had a direct or indirect pecuniary interest in all of Mondee's equity securities purchased and sold as described herein.

33. Under the "lowest-in, highest-out" method for computing realized profit pursuant to Section 16(b) of the Act, Gundumogula realized a recoverable profit estimated at $320,848.00 from his transactions in Mondee's equity securities described herein.

34. Under Section 16(b) of the Act, the profit realized by Gundumogula as described in paragraph 33 above inured to Mondee and is recoverable

-9-

by Plaintiffs in Mondee's stead, Mondee having failed to seek recovery of the same despite due and timely demand.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all questions so triable.

[*prayer for relief follows on next page*]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray this Court for judgment:

(a) Requiring Gundumogula to account for and pay over to Mondee the short-swing profit realized and retained by him in violation of Section 16(b) of the Act in an amount not less than $320,848.00, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding Plaintiffs their costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiffs such further relief as the Court deems just and proper.

Dated: November 3, 2023

| /s/ Mari K. Bonthuis | /s/ James A. Hunter |
|---|---|
| Mari K. Bonthuis | James A. Hunter |
| STERLINGTON, PLLC | LAW OFFICE OF JAMES A. HUNTER |
| 1 World Trade Center | Four Tower Bridge |
| 85th Floor | 200 Barr Harbor Drive, Suite 400 |
| New York, New York 10007 | West Conshohocken, Pennsylvania 19428 |
| Phone: (212) 433-2879 | Phone: (484) 437-5935 |
| Fax:    (212) 896-9985 | Fax:    (646) 462-3356 |
| Email: mari.bonthuis@sterlingtonlaw.com | Email: hunter@hunterkmiec.com |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |